Double duty today. Good morning again. May it please the court, Mr. Narayan. Mark Meyer appearing for Richard Lincoln. Mr. Lincoln was convicted in 2004 of a drug offense. He went on supervised release after serving a period of imprisonment. He used marijuana while on supervised release and he had a revocation hearing. And at the revocation hearing the judge imposed a special condition that he undertake mental health counseling with a component of sex abuse treatment. The judge cited a conviction that Mr. Lincoln had based on... It's very hard to hear you, counsel. The judge cited a conviction for an offense that was committed by Mr. Lincoln when he was 15 years old in 1997, where as a teenager he pled guilty to one count of a sex offense. Our argument is simply that in the absence of any evidence of propensity, that imposing a component of sexual abuse treatment, sex offender treatment is inappropriate, that it imposes a greater restriction than necessary and that there's no basis for it. I don't think that there's any issue about whether there is propensity, that Mr. Lincoln has a propensity to engage in sex offenses. The judge... Well, I should indicate that when he was sentenced for the original federal offense in 2004, a sex offender treatment condition was imposed at that time. It wasn't objected to then. While he was on, after he finished that prison sentence, was on supervised release, he was required to take a polygraph to discuss his sexual thoughts and behaviors. He was unable to use social media to contact anyone. He had to talk to his probation officer about his sexual conduct. I may ask you, counsel, what's the proof that the defendant will have to submit to what he thinks of as unreasonably intrusive kinds of inquiries that he fears? What's the proof that he will have to do so under this condition? Because the condition just requires, let's see, that he participate in mental health counseling, which may include participation in a sex offender treatment program. That's the condition that you're objecting to, right? Yes, it is. In fact, the district court noted in their order, in whatever district he may be residing. So how do we know that this condition will, in fact, generate the kinds of intrusive inquiries that the defendant fears here? It's not specified in the condition is what I'm saying. And we don't know. I mean, it occurs to me that, in fact, if it is one that he was subject to these intrusive kinds of inquiries, it may have been attributable to his participation in some sort of state sex offender program and not as a result of any condition of supervised release. As an Iowa sex offender, he's required to register. That's all that a sex offender is required to do. But I'm saying that those things are not attributable to this condition of supervised release, right? Those are independent. Well, I don't believe so, Your Honor. The only thing that Iowa law requires him to do is to register. As far as taking a polygraph, not use social media, talk to his probation officer, participate in a sex offender treatment, those were all part of his conditions of release prior to the revocation of his supervised release.  Well, I guess what I'm saying, we don't know. This condition of release does not, this supervised condition, does not in and of itself authorize or require any particular kinds of activities. It just says, which may include participation in a sex offender treatment program of unknown or unspecified content. Is that not right? This is just a factual question I'm asking. Yeah, it doesn't specify you have to take a polygraph, you have to use social media, you have to tell your probation officer about your sexual conduct. It doesn't say any of that. But these are things that he was required to do while this condition was in effect the first time around. What we're trying to do is avoid that in the future. There's something in the record that I read that indicated to me that maybe not, that maybe some of these things at least were attributable to some state program that he was required to participate in. But anyway, you can move on. I don't recall that. Can you clarify this? I was reading there seemed to be some indication, and maybe even a finding by the district court in this matter, that the appellant had never actually completed the original sex offender treatment that was ordered or prescribed back in 2004. Is that true? Am I remembering this correctly? Yeah, I believe so. I think it was a 22-week program, and before the 22 weeks were up, there was an application to revoke his supervision. He completed three of 22 weeks. Right, so that sounds about right, Your Honor. Isn't that, in and of itself, it was a culpable reason for the district court to not drop this particular area in imposing conditions, that the fact that what had originally been ordered had not, in fact, been completed? The way I'm presenting this is it should have been objected to in the first place. It wasn't. Now it is being objected to. And so we're not conceding that he should have ever been required to undergo sex offender treatment, certainly not now, because there's no evidence of propensity. There's never been any evidence of propensity other than a single conviction when the guy was 15 years old. So whether or not he completed the program, the argument is it's not appropriate for him to be required to undergo sex offender treatment. It's not a sex offense that he's on supervision for. It's a drug offense. The sex offense occurred when he was 15 years old in 1997. He was arrested once for not registering as a sex offender. But those are the only two offenses that relate to sex. Counsel, why isn't an intake evaluation assessing him as a moderate risk of sex defense recidivism some indication of propensity? Who knows what moderate risk means? I mean, it was never explained. Well, wait a minute. Whose fault is that? Well, I suppose the person that's or the party that's advocating. You have the burden to refute reasons supporting a special condition. Yeah, I don't think that that alone is sufficient to show propensity. So that's basically the argument. I'm not sure that my time is up, so I'll leave it at that. Thank you. Thank you, Counsel. You may proceed. May I please have the Court? Mr. Meyer. Your Honors, I think at the outset it's important to be precise about the timeline of events here. The defendant was convicted of the aggravated sexual assault in 1997, or he committed that offense in 1997 and was convicted in 1999. He then failed to register as a sex offender in 2003 and in 2004 before his underlying federal drug conviction. That's a fact worth pointing out. He then serves his sentence on the drug conviction, and when he comes out is when the issues happen on supervised release. Judge Arnold pointed out the specific language of the condition. It was a mental health condition, which may also include participation in a sex offender treatment program. Now, when the defendant had his revocation hearing before the district court, after the multiple uses of marijuana, he did object to that last sentence of that condition, that part about which may include participation in a sex offender treatment program. When the court's evaluating whether that condition is reasonably related to the goals of sentencing, that's the language that we're discussing. The district court did expressly consider whether that language was appropriate. The record reflected that before making that decision, the district court took evidence, took testimony, from the probation officer who was supervising Mr. Lincoln. That probation officer walked through the process and discussed the 22-week program that Judge Loken brought up during Mr. Meyer's argument. When Mr. Lincoln came out, he had a mental health assessment and an assessment of the likelihood of recidivism with respect to sex offenses. That's where that mental health professional determined that he was at a low to moderate risk of reoffense. The mental health professional identified bases for that decision. The district court noted that there was some basis to determine that he was at a moderate risk to reoffend, including his failure to register as a sex offender near the time of his underlying federal offense. Counsel, it seems to me that the defendant has two objections here, maybe. One is a general objection to being subject to any kind of treatment program called sex offender treatment program. The other are specific objections to specific kinds of activities that such programs may or may not, in fact, entail. Isn't that right? I mean, he has a litany here. He said, I don't want to do X, Y, and Z. So that's what I would call his specific objections. But there's nothing in this order that requires him to do X, Y, and Z. That's right, Your Honor. Or maybe if X, Y, and Z occur in the future, he could come back and ask for modification. That's correct, Your Honor. I don't know how we can rule on the reasonableness of X, Y, and Z if they're not here. That's correct, Your Honor. As Your Honor points out, the only language in the order is that it may include participation in sex offender treatment program. If I may, regarding the X, Y, and Z, the court did take some testimony about that, specifically about whether the defendant ought to be allowed to use social media, which is one of the things that Mr. Meyer brought up. What the probation officer testified to is that because the defendant was required to register as a sex offender by virtue of a state of Illinois conviction when residing in Iowa, that sites such as Facebook don't permit registered sex offenders to use the website. The probation officer did also testify that to the extent the defendant had difficulty communicating with family members and wanted to use platforms for legitimate purposes, that there were other platforms such as Skype that he would be allowed to use. And the probation officer also testified about that treatment program, that after he was deemed to be at a low or moderate risk to re-offend, that's when the probation office enrolled Mr. Lincoln in that 22-week program. Now, that program was not exclusively a sex offender treatment program. The district court specifically pointed out after hearing testimony from the probation officer that the program was a program that focused on positive thinking and decision making that did have a sex offender element to it. And as this court has already pointed out, the defendant did not complete that 22-week program that was implemented after the mental health evaluation because he was revoked for using drugs on multiple occasions. All the district court did is re-impose that condition so that when he comes out, if the probation office and the mental health professionals determine that that program is appropriate, that they can re-impose it. I mean, there must be any number of programs. We don't know what program he's going to be in. That's correct. The order vests that discretion in the supervising probation officer. The order, as Your Honor points out, simply says... Well, sure. I mean, these programs probably change all the time, and they're probably different from district to district. That's true, and it's possible that a different program may be recommended when the defendant is released. Okay, I'm sorry to monopolize you on this question, but the conditions that he thought of as intrusive, were they part of the original supervised release program? No, Your Honor. No, Your Honor. The only condition that was part of the supervised release was, as we've talked about, the mental health treatment, which, quote, may include participation. He was subject to one before, was he not? Before his federal conviction? Yes. He was under court supervision after his conviction in 1999 in Illinois through 2002 and failed to register as a sex offender. The record during that time reflects that in that interim period, he did not receive sex offender treatment, and the district court pointed out that he never had as one of the reasons to introduce it. Okay, well, never mind. And so the question before the court is simply whether that last piece of that condition, whether it may include participation in the sex offender treatment program, meets the test this court has enumerated for supervised release conditions and the test that's in the statute, and that's whether it's reasonably related to sentencing factors and includes no greater deprivation of liberty. Here, the order does not include a lot of the specific special conditions that courts often impose in sex offense cases that this court has in prior cases found require a little bit more of a showing. Here, given this condition, the record is sufficient for the court to impose it. This court has said that with respect to a supervised release condition, the things that it looks for when a court fails to consider a relevant or significant factor, whether it gives significant weight to an irrelevant factor or whether it commits a clear error in judgment, the government's position is that none of those things happen here, and unless there are any additional questions from the panel, we'll rest on the remaining arguments aren't brief. Thank you, counsel. How much time is remaining for the appellant? Nine and a half. All right. Counsel, I think we understand the issues. The case is submitted. Thank you for your arguments. You may stand aside. Shall we finish up?